**Reversed and Remanded and Opinion filed January 31, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00259-CV

**MERRY HOMES, INC., Appellant**

**V.**

**LUC DAO, Appellee**

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-25771**

## O P I N I O N

In this appeal from a summary judgment granted in favor of appellee, Luc Dao, appellant Merry Homes, Inc. contends the trial court erred in concluding that Dao's claim for money had and received was subject to a four-year statute of limitations. Because a claim for money had and received is a quasi-contract action based on a promise implied in law, not an action for breach of contract, it is governed by the two-year statute of limitations for "taking or detaining the personal property of another." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002). Accordingly, we reverse and remand for further proceedings.

BACKGROUND

In May 2005, Chi Hung Luu leased property from Merry Homes to operate a night club. Luu paid $6,000 under the lease; Luc Dao paid Merry Homes an additional $6,000 to secure the leased property. Dao was not a party to the lease contract.

Luu later discovered that the property was not eligible for use as a bar or night club because it was located too close to a school. Luu sued Merry Homes for a declaration that the lease was void and to recover the money he had paid. The trial court declared the lease void and entered a final judgment on February 9, 2009. The trial court awarded Luu the $6,000 he had paid under the lease, but because Dao was neither a party to the lease nor to the declaratory judgment action, it did not award Dao the $6,000 he had paid Merry Homes.

Dao sued Merry Homes on April 16, 2009, seeking to recover his $6,000 as money had and received. He moved for summary judgment on his claim in February 2011. Merry Homes did not file its own motion for summary judgment, instead responding to Dao's motion by asserting that the two-year statute of limitations provided by section 16.003(a) of the Texas Civil Practice and Remedies Code applied to Dao's claim. Thus, Merry Homes contended that Dao's claim was barred because it accrued when he paid the money to Merry Homes in May 2005, which was four years before Dao filed suit.

The trial court granted Dao's summary judgment. In its final judgment awarding Dao $6,000, it stated:

> The Court is persuaded by the clear, unequivocal language of *Amoco Production Co. v. Smith*, 946 S.w.2d 162, 164–65 (Tex. App.—El Paso 1997, no pet.), that a cause of action for "money had and received is an action for debt, governed by the four-year statute of limitations." The Court recognizes the argument that Defendant has asserted regarding the language about unjust enrichment and the Supreme Court's holding in *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870–71 (Tex. 2007) regarding a 2 year statute of limitations for unjust enrichment actions. However, the two causes of action are not identical. The Court

2

will not conclude that a two-year statute of limitations applies to "money had and received" absent a clear statement from our appellate courts to that effect.

Merry Homes timely appealed the trial court's final summary judgment.

## ANALYSIS

In a single issue, Merry Homes asserts that the trial court erred in determining that the four-year statute of limitations period applies to a claim for money had and received.

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference, and we resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

Money had and received is an equitable doctrine designed to prevent unjust enrichment. *London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). This cause of action arises when a party obtains money that, in equity and good conscience, belongs to another. *Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex. App.—Houston [14th Dist.] 2001, no pet.). A claim for money had and received is not based on wrongdoing; rather, the only question is whether the defendant holds money that, in equity and good conscience, belongs to another. *See London*, 192 S.W.3d at 13.

Because money had and received is an equitable doctrine designed to prevent unjust enrichment, the proper statute of limitations for such a claim is that applicable to claims for unjust enrichment. *Cf. Autry v. Dearman*, 933 S.W.2d 182, 190 n.7 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (noting that plaintiff's claims for money had and received and unjust enrichment would be barred by the two-year statute of limitations). In a series of three decisions, the Supreme Court of Texas has concluded that unjust enrichment claims are governed by the two-year statute of limitations provided by section 16.003 of the Texas Civil Practice and Remedies Code. *See Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (per curiam);

3

*Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). Indeed, in *Elledge*, the Supreme Court declared "categorically" that "[u]njust enrichment claims are governed by the two-year statute of limitations in section 16.003 of the Civil Practice and Remedies Code." 240 S.W.3d at 871. In light of this clear precedent, we hold that Dao's claim for money had and received is subject to the two-year statute of limitations provided by section 16.003 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)

For the first time on appeal, Dao asserts that his cause of action to recover the $6,000 accrued only once the lease was declared void in the earlier lawsuit between Luu and Merry Homes. But because he did not make this argument in his summary-judgment motion, we may not consider it on appeal. *See* Tex. R. Civ. P. 166a(c). Accordingly, we sustain Merry Home's sole issue on appeal.

## CONCLUSION

We have sustained Merry Home's issue and hold that the two-year statute of limitations applies to Dao's claim for money had and received. Because Merry Homes did not file its own summary-judgment motion conclusively establishing the accrual date of Dao's claim, however, we reverse and remand to the trial court for further proceedings.

/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Brown and Christopher.

4