Opinion issued June 5, 2014



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00748-CV

————————————

**HELEN MAYFIELD, Appellant**

**V.**

**NORTH VILLAGE GREEN I HOMEOWNER'S ASSOCIATION, INC.; JAMES PATRICK KENNEDY; AND DUANE T. CORLEY, Appellees**

On Appeal from the 55th District Court
Harris County, Texas
Trial Court Case No. 2011-37087

## MEMORANDUM OPINION

Helen Mayfield sued North Village Green I Homeowner's Association, Inc., James Patrick Kennedy, and Duane T. Corley. Each defendant filed a motion for summary judgment, which the trial court granted. Mayfield identifies six issues on appeal.

We affirm.

## Background Summary

In 2002, a fire occurred at the North Village Green Condominiums. An insurance dispute arose related to the fire. The Association, as the homeowners' association representing the condominium owners, brought suit against the insurance company involved in the dispute. Smith Executive Property Management also had a claim against the insurance company. Eventually, the Association settled the suit with the insurance company. Based on the settlement, the trial court signed an order dismissing the lawsuit in 2003. In 2004, the Association paid Smith Executive Property Management a portion of the settlement proceeds.

On June 21, 2011, Helen Mayfield filed suit against the Association, James Patrick Kennedy, and Duane T. Corley. She alleged that she had been the attorney representing Smith Executive Property Management in the 2002 suit against the insurance company. Mayfield averred that, when the suit had settled with the insurance company, she had not received her attorney's fees for representing Smith Executive Property Management in the dispute. Mayfield claimed that, when the Association distributed the settlement proceeds to Smith Executive Property Management, it had not included her name on the settlement checks and, as a result, she had never been paid her fees.

2

Mayfield alleged that Corley had acted as the Association's attorney in the suit with the insurance company. She asserted that Corley "was the attorney who paid the [settlement] funds" to her client and that he had been "fully aware" of her representation of Smith Executive Property Management in the insurance dispute. As the basis for her suit against Kennedy, Mayfield averred that Kennedy was a member of the Association's board of directors and had also been responsible for distribution of the settlement funds.

Seeking to recover her attorney's fees for her representation of Smith Executive Property Management in the insurance dispute, Mayfield alleged causes of action against the Association, Corley, and Kennedy for tortious interference with a contract and for money had and received. Mayfield also alleged fraud, asserting that the Association, Corley, and Kennedy had concealed the insurance settlement from her. Mayfield claimed that she "was ignorant of the final settlement time and amount."

The Association, Corley, and Kennedy each filed a motion for summary judgment, asserting that Mayfield's claims were barred by the statute of limitations. To support their limitations defense, the defendants offered evidence showing that the 2002 suit against the insurance company had been settled and dismissed in 2003. They also offered evidence showing that the Association had distributed the settlement funds to Smith Executive Property Management in 2004,

3

seven years before Mayfield filed the instant suit. The trial court granted each defendant's motion for summary judgment in three separate orders.

Mayfield appealed. She also filed an affidavit of indigence. The district clerk did not file a contest to Mayfield's affidavit of indigence for costs of appeal. On July 16, 2013, we ordered the district clerk to prepare the clerk's record without advance payment of costs. The district clerk filed the clerk's record in this Court on August 5, 2013. We also ordered the court reporter to either prepare the reporter's record without cost to Mayfield or to file a notice indicating that no reporter's record was taken. On September 16, 2013, the court reporter notified this Court that no record was taken in the trial court.

In her brief, Mayfield asserts six issues. Among her issues, Mayfield claims: she did not have sufficient notice of the defendants' motions for summary judgment, the trial court erred when it did not grant her motion for default judgment against the Association, and the district clerk did not file an adequate record for her to prosecute her appeal.

## Clerk's Record

In her third issue, Mayfield alleges that the she was denied due process because the district clerk did not include certain filings in the clerk's record. Mayfield asserts that the clerk's record is "disorganized and omitted plaintiff's motions and her exhibits to her motions."

4

Mayfield is correct that she was entitled to a clerk's record without cost based on her indigent status. However, Mayfield has not shown that she was denied due process because the district clerk did not include certain motions and supporting exhibits in the record.

The trial court clerk is required by Rule of Appellate Procedure 35.3(a) to compile, to certify, and to file the clerk's record. *See* TEX. R. APP. P. 35.3(a). Rule 34.5 lists the documents the trial court clerk must include in the record, but it does not specifically list motions or supporting evidence as required contents of the clerk's record. TEX. R. APP. P. 34.5; *see Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (observing that Rule 34.5 does not specifically include motions for summary judgment as item trial court clerk must include in the clerk's record absent party's request).

Moreover, Rule 34.5 does not limit a party to those documents listed in subpart (a); rather, it permits any party to designate additional items to be included in the record. *See* TEX. R. APP. P. 34.5(b). Here, the record contains no such designation by Mayfield.

The appellate rules also provide a means for supplementation of the record. *See* TEX. R. APP. P. 34.5(c). On her discovery that the clerk's record did not contain the documents she deemed necessary for this appeal, Mayfield could have directed the trial court clerk, by letter, to prepare and file a supplemental clerk's

5

record containing the documents. *See id.*; *see also Conner v. Johnson*, No. 07–10–00085–CV, 2011 WL 2935672, at *1 (Tex. App.—Amarillo July 21, 2011, no pet) (mem. op.) (explaining that, if Rule 34.5 does not require a document to be part of the record, an appellant may designate that document to be included in the record and may also request for record to be supplemented). Here, nothing in the record reflects that Mayfield availed herself of the process to include the documents she claims to have needed to prosecute her appeal. We conclude that Mayfield has not shown she was denied due process.

We overrule Mayfield's first issue.

**Motion for Default Judgment**

In her second issue, Mayfield asserts that the trial court abused its discretion by denying her motion seeking a default judgment against the Association. Mayfield avers that, when the Association did not answer the suit, she filed a motion for default judgment. She states that her motion was set for a hearing on December 5, 2011. Mayfield asserts that she proved entitlement to default judgment against the Association. She complains that the trial court refused to sign an order granting her motion, and she avers that her motion was denied "by operation of law."

Mayfield also complains that the district clerk did not include her motion for default judgment in the clerk's record; however, as stated, the district clerk was not

6

required to include the motion absent a request from a party. *See* TEX. R. APP. P. 34.5; *see also Mallios*, 237 S.W.3d at 782. If she desired the motion to be included in the record, Mayfield should have designated it for inclusion. *See* TEX. R. APP. P. 34.5(b), (c); *Conner*, 2011 WL 2935672, at *1. In short, "the appellant bears the burden to bring forward an appellate record that enables this Court to determine whether the appellant's complaints constitute reversible error." *Resurgence Fin., L.L.C. v. Moseley*, No. 05–07–01225–CV, 2009 WL 92444, at *1 (Tex. App.—Dallas Jan.15, 2009, no pet.) (mem. op.). When issues on appeal necessarily involve consideration of documents omitted from the appellate record, we must presume the missing documents support the trial court's ruling. *See id.* (citing *Enter. Leasing of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004)).

Mayfield has attached her motion for default judgment, as well as numerous other documents, to her brief and relies on those documents. However, an appellate court cannot consider documents attached to briefs and must consider the case based solely on the record filed. *See Samara v. Samara*, 52 S.W.3d 455, 456 n.1 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (recognizing that attachment of documents as exhibits or appendices to briefs is not formal inclusion in record on appeal and, thus, such documents cannot be considered); *see also Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ) (stating that, generally, appellate courts may not consider matters outside appellate record).

Because she did not include her motion for default judgment in the record, Mayfield cannot show the trial court erred by denying it, as she claims. *See Crown Asset Mgmt., LLC v. Dunavin*, No. 05–07–01367–CV, 2009 WL 2837754, at *1 (Tex. App.—Dallas Sept. 4, 2009, no pet.) (holding appellant could not show the trial court erred by denying its motion for default judgment when appellant failed to include supporting documents in record).

In any event, the record shows that Mayfield's motion for default judgment was set for a hearing on December 5, 2011. The record reflects that the Association filed its first amended answer on November 22, 2011.[1] Thus, at the time of the hearing on the motion, the Association had already answered.

A default judgment may not be rendered after the defendant has filed an answer. *429.30 In U.S. Currency v. State*, 896 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing TEX. R. CIV. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989)). This is irrespective of whether the answer was filed after the answer date. *See id.* Thus, the trial court correctly refused to grant Mayfield's motion for default judgment on December 5, 2011.

We overrule Mayfield's second issue.

---

[1] The record does not include an original answer filed by the Association.

**Corley's Motion for Summary Judgment**

In her first issue, Mayfield claims that the trial court erred by granting Kennedy's motion for summary judgment because she did not receive timely notice of submission of the motion. Mayfield's fourth issue presents her assertion that the return receipt or "green card" showing that she received timely notice of the submission was forged.

In a summary judgment proceeding, the nonmovant is entitled to 21-days notice of the hearing or submission. TEX. R. CIV. P. 166a(c). When the motion is served by certified mail or by facsimile, three additional days are added to the prescribed period. *See* TEX. R. CIV. P. 21a (amended 2013) (providing service occurs upon mailing and extending response time by three days).[2] As a result, a nonmovant is entitled to a minimum of 24-days' notice of a hearing or of the submission date if she has been served by certified mail or by facsimile. *See* TEX. R. CIV. P. 21a, 166a(c); *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994). The

---

[2] On December 11, 2013, the Supreme Court of Texas adopted amendments to Rule of Civil Procedure 21a to address service of electronically filed documents. *See Order Adopting Texas Rule Of Civil Procedure 21c and Amendments to Texas Rules Of Civil Procedure 4, 21, 21a, 45, 57, and 502; Texas Rules of Appellate Procedure 6, 9, and 48; and The Supreme Court Order Directing The Form Of The Appellate Record*, Misc. Docket No. 13–9049 (Dec. 11, 2013; eff. Jan. 1, 2014). All references to Rule 21a herein are to the previous version of the rule as amended by order of the Supreme Court of Texas in 1990. *See* Rule 21a, *Texas Rules of Civil Procedure–Rules Effective September 1, 1941: An Historical Project*, https://www.stcl.edu/library/TexasRulesProject/rule21a1990.htm (last visited June 3, 2014).

notice provision serves to provide the nonmovant with a full opportunity to respond to the merits. *See Stephens v. Turtle Creek Apartments, Ltd.*, 875 S.W.2d 25, 26 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Here, the record reflects that Kennedy's motion for summary judgment was filed on August 25, 2011. The certificate of service attached to the motion indicates that the motion was mailed to Mayfield by certified mail, return receipt requested that same day. Rule 21a provides that service by mail is complete when a document is deposited, properly addressed, in a postal depository and that a written certificate to this effect shall be prima facie evidence of the fact of service. *See* TEX. R. CIV. P. 21a (amended 2013). Notice properly sent pursuant to Rule 21a raises a presumption that notice was received. *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) *see also Costello v. Johnson*, 680 S.W.2d 529, 530 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (holding that record need not affirmatively show that non-movant actually received notice of hearing).

Moreover, the green card contained in the record, and bearing Mayfield's signature, indicates that the motion for summary judgment was delivered to Mayfield on August 29, 2011. The trial court signed the order granting Kennedy's motion for summary judgment on September 19, 2011. The order indicates that the motion for summary judgment was "heard" that same day. Thus, Mayfield was served by certified mail with the motion more than 24 days before submission, and

she actually received the motion 21 days before submission. *See* TEX. R. CIV. P. 21a (amended 2013), 166a(c). We hold that Mayfield was timely served with the motion for summary judgment. *See* TEX. R. CIV. P. 21a (amended 2013), 166a(c).

Mayfield also asserts that her signature on the green card was forged. However, other than her bare assertion, the record contains no evidence that the signature was forged. Nor does Mayfield point to where in the record she raised this objection in the trial court. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Thus, Mayfield has failed to preserve her complaint for our review.

We overrule Mayfield's first and fourth issues.

### The Association's Motion for Summary Judgment

In her fifth issue, Mayfield claims that the trial court erred by granting the Association's motion for summary judgment.

### A.    Service of Summary Judgment Motion

Mayfield first complains that she was not properly served with the Association's motion for summary judgment. The record reflects that the trial court originally granted the Association's motion for summary judgment on April 16, 2012. Mayfield filed a motion to set aside the order granting summary judgment. Mayfield asserted that she did not receive proper notice of the motion.

11

On July 9, 2012, the trial court signed a new order granting the Association's motion for summary judgment. The trial court's order reads as follows:

> The Court originally granted the Motion in an Order entered April 16, 2012. Plaintiff filed a request that the Court set aside that Order claiming that she had not been properly served. An oral hearing was conducted on June 11 at which Plaintiff demonstrated that in fact she had not been correctly served. Accordingly, the Court vacated its April 16 order and reset the Motion for today, July 9, 2012. The July 9 new submission date was discussed and agreed to by Plaintiff. At the hearing, Plaintiff insisted that North Village Green be made to re-mail the Motion to her. The Court found that to be unnecessary since the Plaintiff was on actual notice of the Motion. Further, at the June 11 hearing, the Court personally handed Plaintiff a copy of the summary judgment motion and admonished her to get a substantive response on file. Plaintiff has again failed to respond to the summary judgment motion. Accordingly, the Motion is granted.

Contrary to Mayfield's assertions, the language in the order indicates that Mayfield was served with the motion for summary judgment 28 days before the July 9 submission. *See* TEX. R. CIV. P. 166a(c) (requiring 21-days notice for hearing or submission of motion for summary judgment). The order recites that Mayfield was handed a copy of the motion by the trial judge at the June 11 hearing. Absent evidence to the contrary, we view recitations contained in the trial court's order as true. *See Brzozowski v. Se. Baptist Hosp.*, No. 04–07–00031–CV, 2007 WL 3003141, at*2 (Tex. App.—San Antonio, Oct. 17, 2007, pet. denied) (mem. op.); *In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied).

12

Mayfield intimates in her brief that being handed the motion by the trial court judge was not proper service of the motion. We disagree. We note that the applicable version Rule 21a provided, "Every notice . . . may be served by delivering a copy to the party to be served . . . either in person or by agent or by courier receipted . . . delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or *by such other manner as the court in its discretion may direct*." *See* TEX. R. CIV. P. 21a (amended 2013) (emphasis added). Accordingly, we reject Mayfield's assertion that summary judgment was improper because she was not afforded sufficient notice.

### B. Merits of Summary Judgment

Mayfield's brief may also be read to challenge the propriety of the trial court's grant of the Association's motion for summary judgment. As stated, the Association sought summary judgment based on the defense of limitations. The Association asserted that Mayfield's suit to recover her attorney's fees for her representation of Smith Executive Property in the insurance litigation was barred by limitations because the insurance litigation had been settled and dismissed more than seven years before Mayfield sued the Association in 2011.

To support its motion, the Association attached the trial court order signed in 2003, dismissing the insurance litigation with prejudice. The Association also

13

offered the checks from 2004, evidencing the distribution of the settlement proceeds to Mayfield's client in 2004.

Because summary judgment is a question of law, a trial court's summary judgment decision is reviewed de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In our review, we take the nonmovant's competent evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in favor of the nonmovant. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). To prevail on a Rule 166a(c) "traditional" summary-judgment motion, a movant must prove there is no genuine issue as to any material fact, and it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *see also Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).

A defendant moving for summary judgment on the affirmative defense of limitations must conclusively establish the date on which the limitations commenced; that is, the date on which the cause of action accrued. *See Pustejovsky v. Rapid–Am. Corp*., 35 S.W.3d 643, 646 (Tex. 2000); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). The determination of this date is typically a question of law. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment

proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick v. Harrison Cnty. Hous. Finance Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

Mayfield's petition, filed June 21, 2011, can be read to assert causes of action for money had and received, tortious interference with contract, and fraud. The Association's summary judgment evidence reflects that an order dismissing the insurance litigation with prejudice was signed on September 23, 2003. The dismissal order expressly states that the case was being dismissed because the claims against the insurance company had been finally and completely settled. The record also shows that the date of the last check paid to Mayfield's client by the Association for settlement of the insurance litigation was February 7, 2004.

Generally, a cause of action accrues and limitations begin to run when facts exist that authorize a claimant to seek judicial relief. *Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 (Tex. 2004). The date a cause of action accrues is normally a question of law. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011). We agree with the Association that the summary judgment evidence showed as a matter of law that Mayfield's claims for unpaid attorney's fees accrued no later than February 7, 2004, the date of the last distribution of settlement funds to Mayfield's client. Mayfield did not file suit until June 21, 2011. Therefore, we conclude that the Association conclusively proved that

15

Mayfield's claims, brought seven years after accrual, were barred by limitations when suit was filed. *See Emerald Oil & Gas*, 348 S.W.3d at 216 (recognizing that statute of limitations for fraud is four years); *Merry Homes, Inc. v. Luc Dao*, 359 S.W.3d 881, 884 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding money had and received claims are governed by two year statute of limitations); *Shunta v. Westergren*, No. 01–08–00715–CV, 2010 WL 2307083, at *4 (Tex. App.— Houston [1st Dist.] June 10, 2010, no pet.) (mem. op.) (stating statute of limitations period for tortious interference with contract is two years).

To counter the Association's limitations defense, Mayfield asserts that the Association fraudulently concealed the distribution of the settlement funds from her and, as a result, was estopped from relying on the statute of limitations as an affirmative defense to her claims. In her brief, Mayfield asserts that the Association told her in July 2008 that the legal fees had not been paid in the insurance litigation. However, Mayfield did not file a response to the Association's motion for summary judgment and does not cite to where in the record she offered evidence to support her claim of fraudulent inducement.

Accrual of a cause of action is deferred in two types of cases: (1) those involving fraud or fraudulent concealment and (2) those in which the injury is "inherently undiscoverable" and is "objectively verified." *See S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d

16

453, 456 (Tex. 1996). The commission of fraud or fraudulent concealment estops a defendant from asserting limitations as a defense because "a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run." *S.V.*, 933 S.W.2d at 6. Fraudulent concealment tolls the statute of limitations until the injured party, using reasonable diligence, discovered or should have discovered the injury. *See KPMG Peat Marwick*, 988 S.W.2d at 750. The elements of fraudulent concealment are (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. *See Garcia v. Packaged Ice, Inc.*, No. 01–06–00379–CV, 2007 WL 4465544, at *4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2007, no pet.) (citing *Glover v. Union Pac. R.R. Co.*, 187 S.W.3d 201, 217 (Tex. App.—Texarkana 2006, pet. denied); *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. App.—Fort Worth 1997, pet. denied)).

A party asserting fraudulent concealment as an affirmative defense to the statute of limitations has the burden to raise it in response to the summary judgment motion and to come forward with summary judgment evidence to raise a fact issue on each element of the fraudulent concealment defense. *See KPMG Peat Marwick*, 988 S.W.2d at 748. Here, Mayfield did not file a response to the Association's motion for summary judgment. Thus, she did not bring forward

summary judgment evidence of fraudulent concealment to defeat the Association's limitations defense. *See id*. We hold that the trial court properly granted the Association's motion for summary judgment based on limitations.

We overrule Mayfield's fifth issue.

**Dismissal Order**

In her sixth issue, Mayfield complains of an order signed by the trial court dismissing her suit for want of prosecution. She asserts that she did not receive notice of the trial court's intent to dismiss her suit or of the dismissal order.

On May 2, 2013, the trial court signed an order dismissing Mayfield's suit for want of prosecution. The order was signed after the trial court had signed all three orders granting each of the three defendant's motions for summary judgment against Mayfield.

The last motion for summary judgment to be granted was in favor of Corley. At that time, the trial court had already signed orders granting the Association's and Kennedy's motions for summary judgment. Thus, from the record, it appears that the order granting summary judgment in favor of Corley disposed of the Mayfield's last remaining claims against the last remaining defendant. Taken together, the three orders granting the motions for summary disposed of all issues and all parties and thus constitute a final and appealable judgment. *See H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex. 1963) (holding that prior

18

interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating a final and appealable judgment); *see also Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 391 (Tex. App.—Corpus Christi 2000, no pet.) ("Once an order has been entered disposing of all remaining parties and issues, all the orders merge, creating a final and appealable judgment."); *see also Azbill v. Dallas Cnty. Child Protective Servs. Unit of the Tex. Dep't of Human & Regulatory Servs.*, 860 S.W.2d 133, 137 (Tex. App.—Dallas 1993, no writ) ("[I]t is not necessary that all the dispositive rulings appear in one document before a judgment can become final."). Indeed, Mayfield had already perfected this appeal before the trial court signed the dismissal order. Thus, from the record, it appears that the signing of dismissal order was an unnecessary act, and no harm is shown by the order's rendition. *See* TEX. R. APP. P. 44.1.

We overrule Mayfield's sixth issue.

## Sanctions on Appeal

Corley requests this Court to impose sanctions on Mayfield pursuant to Rule 45 of the Rules of Appellate Procedure for filing a frivolous appeal. *See* TEX. R. APP. P. 45.

After considering the record, briefs, or other papers filed in this Court, we may award a prevailing party damages if we objectively determine that an appeal is frivolous. TEX. R. APP. P. 45; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—

19

Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed. *Smith*, 51 S.W.3d at 381. The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *See id.* Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *See id.* After considering the record and briefs, we do not believe the circumstances in this case warrant sanctions. Accordingly, we deny Corley's request for Rule 45 sanctions.

## Conclusion

We affirm the judgment of the trial court and deny Corley's request for sanctions.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

20