**Affirmed and Memorandum Opinion filed September 19, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00724-CV

**MERRY HOMES, INC., Appellant**

**V.**

**LUC DAO, Appellee**

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-25771**

## M E M O R A N D U M   O P I N I O N

In this appeal from a summary judgment in favor of appellee Luc Dao, we address whether Dao's claim for money had and received against appellant Merry Homes, Inc. was barred by limitations. We conclude that Dao timely filed his claim within two years from the date the claim accrued and thus affirm the trial court's judgment.

### BACKGROUND

The facts are largely undisputed and well-known to the parties. We thus set forth the following abbreviated statement of facts.

In June 2005, Chi Hung Luu executed a lease with Merry Homes to operate a night club in Houston. Merry Homes required a deposit of $12,000. Luu and his friend Dao each paid $6,000 to secure the lease. Only Luu executed the lease agreement—Dao was not a party to, nor listed as a tenant on, the agreement.

After Luu discovered that the property could not legally be used as a night club he sued Merry Homes for a declaration that the lease was void and to recover the money he had paid to secure the lease. On February 9, 2009, the trial court declared the lease void and awarded Luu the $6,000 he paid under the lease. Because Dao was not a party to the lease nor to the declaratory judgment action, the trial court did not award Dao the money he had paid Merry Homes.[1]

On April 16, 2009, Dao filed this suit against Merry Homes seeking a declaration that the lease was void and a claim for the return of his $6,000 under money had and received. Merry Homes filed a motion to dismiss Dao's claims. In the motion to dismiss, Merry Homes argued: "[Dao] was not a party to the contract, and therefore has no standing to assert these claims." The trial court agreed in part and signed an interlocutory order dismissing Dao's "claim under the Texas Declaratory Judgment Act only" for lack of standing. Neither party has appealed that ruling.

Dao moved for summary judgment on his claim for money had and received. Merry Homes did not file its own motion, but in response argued that Dao's claim was barred by a two-year statute of limitations. The trial court applied a four-year statute of limitations and granted Dao's motion, awarding Dao the return of his $6,000. Merry Homes appealed, arguing a two-year statute applied. We agreed with Merry Homes that a two-year statute of limitations applied, reversed the summary

---

[1] The trial court's judgment was affirmed by the First Court of Appeals. *Merry Homes, Inc. v. Luu*, 312 S.W.3d 938 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

judgment in favor of Dao, and remanded for further proceedings. *See Merry Homes, Inc. v. Dao*, 359 S.W.3d 881, 884 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

On remand, the parties filed cross-motions for summary judgment addressing whether Dao's claim was timely filed within two years of the date his claim accrued. Merry Homes argued that Dao's claim is time-barred because it accrued in June 2005, when Dao paid the money to Merry Homes, but he did not bring suit on his claim until April 2009. Dao conversely argued that the claim did not accrue until the trial court declared the lease void in February 2009, at which time Merry Homes held money that in equity and good conscience belonged to him. Dao further argued that he lacked standing to bring his claim before the lease was declared void and that the statute of limitations was tolled because the viability of his claim depended on the outcome of the case between Luu and Merry Homes. Dao also asserted that collateral and judicial estoppel barred Merry Homes from denying the money belonged to him based on statements made in the *Luu* lawsuit.

The trial court granted Dao's second motion and again rendered a final judgment in his favor for $6,000, plus prejudgment interest, taxable costs, and post-judgment interest. The trial court denied all other relief and this appeal followed.

## ANALYSIS

Merry Homes brings two issues in its challenge to the trial court's judgment. In its first issue, Merry Homes contends Dao's claim is time-barred because he brought suit more than two years after he paid the $6,000 deposit to Merry Homes. In its second issue, Merry Homes contends it is neither collaterally nor judicially estopped from arguing that Dao's claim is barred by limitations. We conclude that Dao's claim accrued when the trial court declared the lease void because that is when Merry Homes began holding money that in equity and good conscience belonged to Dao, and he had no standing to challenge the validity of the lease prior to that time.

3

We also conclude that Merry Homes' second issue lacks merit because the doctrines of collateral and judicial estoppel were not asserted to prevent it from arguing Dao's claims were time-barred. Instead, Dao asserted the doctrines to establish that the $6,000 belonged to him, a fact that Merry Homes does not challenge on appeal. We overrule both issues.

## I. Standard of review

We review the trial court's order granting summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We take as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.*; *Merry Homes*, 359 S.W.3d at 883. When both parties move for summary judgment on the same issues, as here, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if the trial court erred, render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## II. Applicable law

Money had and received is an equitable claim that seeks to prevent unjust enrichment when one person obtains money that in equity and good conscience belongs to another. *Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687 (1951). The action does not require a showing of wrongdoing, but rather looks only to the justice of the case and inquires whether the defendant has received money that rightfully belongs to another. *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet.). A claim for money had and received will lie when a court declares a contract void. *See Country Cupboard, Inc. v. Texstar Corp.*, 570 S.W.2d 70, 74 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.). The claim for money had and received must be brought within two years from the date the cause of action

4

accrues. *See Merry Homes*, 359 S.W.3d at 884.

As the party moving for summary judgment on its affirmative defense, Merry Homes had the burden of establishing its defense as a matter of law, including the accrual date for Dao's cause of action. *See KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996). It is well-settled that a cause of action accrues, and limitations begins to run, when facts exist that authorize a claimant to seek judicial relief. *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 542 (Tex. 2017); *Knott*, 128 S.W.3d at 221. It is also well-settled that some legal injury must be sustained before the cause of action will accrue. *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) ("As a rule, we have held that a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.").

### III. Dao's claim accrued when the lease was declared void and Merry Homes retained the money belonging to Dao.

On appeal Merry Homes contends that Dao's claim accrued in June 2005 when he paid the deposit to Merry Homes to secure the lease for Luu. We disagree. Under the unique facts of this case, we agree with Dao that his cause of action did not accrue until the trial court declared the lease agreement between Luu and Merry Homes void and Merry Homes inequitably retained money belonging to him.

A claim for money had and received generally accrues when money is paid. *See City of Beaumont v. Moore*, 146 Tex. 46, 52, 202 S.W.2d 448, 452 (1947); *Autry v. Dearman*, 933 S.W.2d 182, 190 n. 7 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Other circumstances, however, may affect the accrual date, such as when money is rightfully held originally but later retained under inequitable circumstances. *See, e.g.*, *Ardinger*, 369 S.W.3d at 513 (money had and received

5

claim accrued not when money was paid, but later when party retained money under a rescinded agreement for no consideration); *Hernandez v. Garcia*, No. 13-12-00096-CV, 2013 WL 1384882, at \*3 (Tex. App.—Corpus Christi Apr. 4, 2013, no pet.) (mem. op.) (claim did not accrue when money was originally transferred under sales agreement but sometime later when funds were misappropriated after sale closed).

In addition, courts have noted that the accrual date on a claim may be delayed where the viability of a cause of action depends upon the outcome of another case, or a legal impediment delays the party from bringing the cause of action. *See Rogers v. Ricane Enters., Inc.*, 930 S.W.2d 157, 167 (Tex. App.—Amarillo 1996, writ denied) (discussing theory but finding it inapplicable because there was no impediment to bringing conversion action before suit to quiet title was terminated); *Cavitt v. Amsler*, 242 S.W. 246, 249 (Tex. Civ. App.—Austin 1922, writ dism'd) (limitations applicable to suit for dividends tolled while earlier suit to determine ownership of stock being appealed); *see also Bergstrom v. Winrock-Houston Assocs. Ltd. Psp.*, No. 01-95-00024-CV, 1995 WL 477552, at \* 3 (Tex. App.—Houston [1st Dist.] Aug. 10, 1995, no writ) (not designated for publication) (holding limitations could not run on claim attacking validity of default judgment because party was collaterally estopped from attacking default judgment until it was set aside).

To establish his claim for money had and received, Dao had to show that Merry Homes held money that in equity and good conscience belonged to him. *See Staats*, 150 Tex. at 584, 243 S.W.2d at 687 ("The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong.") (internal quotations omitted); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 814 (Tex. App.—Dallas 2012, no pet.). Only when the lease agreement was held invalid in the *Luu* litigation could Dao establish that Merry

6

Homes was holding money that in equity and good conscience belonged to him. Dao suffered a legal injury at that point because Merry Homes retained his money even though the contract had been declared void. The trial court properly determined, under these circumstances, that Dao's claim was not barred because it had not accrued until the lease was declared void. *See Ardinger*, 369 S.W.3d at 513 (legal injury occurred, and thus started accrual of cause of action for money had and received, when defendant retained purchase money for no consideration under rescinded contract); *see also Hernandez*, 2013 WL 1384882, at *3.

Merry Homes argues for the first time on appeal that the lease agreement was void *ab initio*, and thus Dao did have standing and could have challenged the agreement from the time he paid the money to Merry Homes. Because Merry Homes did not make this argument in its own motion for summary judgment, or in response to Dao's motion for summary judgment, we cannot consider it as grounds for reversal on appeal. *See* Tex. R. Civ. P. 166a(c); *Exxon Mobil Corp.* 511 S.W.3d at 545-46 ("A motion for summary judgment must state the specific grounds entitling the movant to judgment, identifying or addressing the cause of action or defense and its elements.").

We reject this argument for another reason. Although Merry Homes argues now that "[n]othing about the prior suit between [Merry Homes] and Luu prevented Dao from seeking his own determination that the lease was void," in its motion to dismiss, Merry Homes stated "since he is not a party to the contract, he lacks standing to challenge the validity of that contract." By Merry Homes' own words, Dao lacked standing to challenge the validity of the lease as a non-party to the agreement. The trial court agreed with Merry Homes and dismissed Dao's claim that the contract was void under the Texas Declaratory Judgments Act. No party has appealed that ruling. After taking the position in the trial court that Dao lacked

7

standing, Merry Homes cannot now argue that Dao had standing to challenge the validity of the agreement and thus proceed on his money had and received claim. *See W&F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 45 n.11 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("In general, a party cannot take a position on appeal that is inconsistent with the position that it took in the trial court."); *cf. Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775 (Tex. 2010) (party could not obtain reversal on grounds that jury should have decided case under theory of liability that party itself persuaded trial court not to submit to the jury).

Money had and received is an equitable claim that "aims at the abstract justice of the case. . . ." *See Staats*, 150 Tex. at 584-85, 243 S.W.2d at 687. Denying Dao the ability to establish his money had and received claim when he could not challenge the validity of the contract before it was declared void does not satisfy the aims of justice in this case. We overrule Merry Homes' first issue.

## IV.    The collateral and judicial estoppel arguments lack merit.

In its second issue, Merry Homes contends that Dao was not entitled to avoid the limitations bar based on collateral or judicial estoppel grounds. Dao, however, did not move for summary judgment on that basis. Dao's motion for summary judgment with respect to collateral and judicial estoppel went to the merits of his money had and received claim—specifically that the $6,000 he paid under the lease belongs to him. Indeed, in the *Luu* litigation, Merry Homes argued that Luu could not recover the entire $12,000 deposit paid to secure the lease because Dao had paid $6,000 of the deposit. The trial court in the *Luu* litigation agreed, expressly finding that $6,000 of the deposit had been paid by Dao.

On appeal Merry Homes does not challenge the fact that Dao paid the $6,000 to secure the lease with Luu. It does not challenge the merits of Dao's claim for money had and received, instead arguing only that the claim was barred by

8

limitations. Given that Dao's motion did not assert collateral or judicial estoppel as grounds to prevent application of the statute of limitations, and Merry Homes does not challenge the ground the doctrines were used to establish, we overrule Merry Homes' second issue.

## V. Merry Homes' remaining affirmative defenses and counterclaim for attorney's fees.

Dao also moved for summary judgment on Merry Homes' affirmative defenses of res judicata and statute of frauds, and its counterclaim for attorneys' fees. The trial court's final judgment does not specify the grounds for its judgment. When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, the appealing party must negate all grounds on appeal. *See McCrary v. Hightower*, 516 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (op. on reh'g). Merry Homes does not challenge the trial court's judgment denying its affirmative defenses or its counterclaim. We thus affirm the trial court's judgment as to those defenses and the counterclaim.

### CONCLUSION

The trial court properly determined that Dao's claim for money had and received was not barred by the statute of limitations. Dao did not suffer a legal injury, and thus his claim did not accrue, until the lease was declared void and Merry Homes retained money that in equity and good conscience belonged to Dao. The trial court's judgment is affirmed.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Busby, and Jewell.