**In the Interest of D.J.M., a Child.**

**No. 2–02–345–CV.**

Court of Appeals of Texas,
Fort Worth.

July 24, 2003.

Bryan L. Walter, McKinney, for appellant.

Ross T. Foster, P.C., and Kenneth E. East, Fort Worth, for appellee.

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. Introduction

This appeal arises from a suit affecting the parent-child relationship (SAPCR), which was referred by agreed order to an associate judge for a final hearing. In five issues, Appellant Sanford J. Marks complains that the trial court erred by failing to make a record of the proceedings and challenges the sufficiency of the evidence to support certain trial court findings. We hold that Marks waived the making of a record and affirm the trial court's judgment.

### II. Factual and Procedural History

Susan Anne Joiner, D.J.M.'s mother, filed in district court an amended petition to modify the parent-child relationship between herself, Marks, and D.J.M. Joiner sought modification of a 1998 Agreed Voluntary Decree of Paternity, in which Marks was adjudicated the father of D.J.M., was established as primary managing conservator of D.J.M., and was given the exclusive right to establish D.J.M.'s primary residence. The parties agreed to submit all pending issues to the associate judge for final determination. The agreed order submitting the pending issues in Joiner's modification suit to the associate judge provides:

> The parties specifically agree to waive their rights to have this case heard on final, before the presiding Judge of the 324th District Court, and for the Associate Judge to render a final decision. The parties specifically agree and waive the right to appeal any decision of the Associate Judge to a de novo hearing before the District Judge.

Following a final hearing, the associate judge signed a report granting Joiner primary possession of D.J.M. and giving her the right to establish the child's primary residence within Tarrant County or a contiguous county. In addition, the associate judge's report granted Marks extended standard possession of D.J.M. and required Marks to pay child support. Marks filed a motion for new trial challenging the associate judge's implied findings and complaining that, because no record was made of the testimony at the final hearing, he

was unable to secure appropriate appellate review of his claims. The associate judge denied Marks's motion for new trial, and the final order on Joiner's petition to modify was entered on September 26, 2002.

### III. ABSENCE OF RECORD FOR APPEAL

■ In his first issue, Marks contends he is entitled to a reversal of the trial court's judgment because no record was made of the final trial before the associate judge in this case. Marks cites section 105.003(c) of the family code for the proposition that the making of a record in this instance was mandatory. TEX. FAM.CODE ANN. § 105.003(c) (Vernon 2002).

■ Section 105.003(c) of the family code provides that in suits affecting the parent-child relationship a "record shall be made as in civil cases generally unless waived by the parties with the consent of the court." *Id.* This provision places an affirmative duty upon the trial court to insure that the court reporter makes a record of proceedings involving parent-child relationships. *In re Vega,* 10 S.W.3d 720, 722 (Tex.App.-Amarillo 1999, no pet.) (citing *Stubbs v. Stubbs,* 685 S.W.2d 643, 645–46 (Tex.1985) (holding former family code section 11.14(d), predecessor to section 105.003, places responsibility on trial judge to see that record is made of all oral testimony unless waived)).

■ A party, however, may waive the making of a record by express written agreement or by failing to object to the lack of a record during the hearing. *Ex parte Jones,* 700 S.W.2d 15, 17–18 (Tex. App.-Eastland 1985, no writ) (holding that relator waived right to statement of facts by making appearance in the proceedings, failing to request court reporter, and failing to object to absence of court reporter); *O'Connell v. O'Connell,* 661 S.W.2d 261, 263 (Tex.App.-Houston [1st Dist.] 1983, no writ). *But see Ex parte Juarez,* 665 S.W.2d 200, 201 (Tex.App.-San Antonio 1984, no writ) (stating that "A mere showing that relator was present at the hearing and that he failed to object to the absence of a court reporter is not a showing that he waived his right to a statement of facts and that the court consented to this waiver."). This possibility of waiver "does not deny a party's right to a record, but merely prevents one from 'lying behind the log.'" *Jones,* 700 S.W.2d at 17. Thus, "[w]hen a party is present before the court, due diligence must be exercised in seeking a record." *Id.*

■ Here, Marks was present and represented by counsel at the final hearing before the associate judge on June 28, 2002. Thus, it is possible that Marks expressly waived the making of a record with the court's valid consent. *Cf. Ramirez v. Sanchez,* 871 S.W.2d 534, 535–36 (Tex. App.-San Antonio 1994, no writ) (reversing trial court judgment where no record was made, order stated that parties waived record with court's consent, but appellant was not present at any proceeding where he could have waived making of record); *Hunter v. Hunter,* 666 S.W.2d 335, 335–36 (Tex.App.-Houston [14th Dist.] 1984, no writ) (reversing default judgment when no record of proceedings was made, appellant was not present at proceedings, and no evidence of waiver existed in record). Marks claims, however, that nothing in the record indicates he did waive the making of a record or that the court consented to such a waiver. We cannot agree. The final order modifying Joiner's and Marks's parental relationship with D.J.M. clearly recites that "[t]he record of testimony was waived by the parties with the consent of the Court." Absent evidence to the contrary, we view recitations contained in the trial court's judgment and records as true. *Walton v. State,* 92 S.W.3d 845, 845 (Tex. App.-Texarkana 2002, no pet.); *Intercity*

*Invs. Co. v. Plowman,* 542 S.W.2d 260, 262–63 (Tex.Civ.App.-Fort Worth 1976, no writ).

Marks contends evidence contrary to the final order's waiver statement exists. He points out that he objected to the statement in the final order that he had waived the right to a record. A notation by the associate judge indicates that Marks "objected to entry of final order on page 1—Record—ORDER says record waived—Assoc. Judges' Rec of 6–28–02 does not contain such a finding." Although Marks did object to the inconsistency between the associate judge's report and the final order—that is, the associate judge's report, unlike the final order, did not affirmatively state that the parties waived the making of a record with the court's consent—this objection is not evidence that Marks objected at the final hearing to the absence of a court reporter. Marks never claimed in the trial court, nor does he claim on appeal, that he actually objected to the absence of a court reporter at the final hearing. We will not construe Marks's objection to the waiver recitation contained the final order to mean that Marks actually asserted an objection to the absence of a court reporter at the final hearing. *Accord Jones,* 700 S.W.2d at 17 (recognizing that the requirement that a party request a reporter or object to the lack of a reporter to prevent waiver of this right is to prevent one from "lying behind the log" by intentionally failing to request a reporter or to object to the lack of a reporter so that a complaint concerning the lack of a record may be raised on appeal in the event of an adverse ruling). To hold otherwise would promote the very "lying behind the log" denounced by the *Jones* court.[1] *Id.*

The appellate record reflects that Marks was present and represented by counsel at the final hearing, that Marks entered an agreed order authorizing the associate judge to conduct the final hearing, that the parties waived the making of a record and that the associate judge, while neglecting to include an affirmative statement of waiver in his report, proceeded to conduct the final hearing without a court reporter or other means of recordation. The actions of the associate judge, viewed together with the recitation of waiver in the final order and Marks's failure to show or even allege that he actually objected to the lack of a court reporter, support the conclusion that Marks waived the making of a record in the final hearing before the associate judge. *See McLamore v. McLamore,* 750 S.W.2d 805, 807 (Tex.App.-El Paso 1988, no writ) (concluding waiver of record occurred with implied consent of court when master proceeded without court reporter and report stated that record was waived); *Ex parte Pappas,* 562 S.W.2d 865, 866–67 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ) (holding relator waived lack-of-record complaint by failing to show that he requested or objected to the absence of a court reporter). We hold that Marks waived the making of a record and is not entitled to complain on appeal of the lack of a record. We overrule Marks's first issue.

### IV. SUFFICIENCY OF THE EVIDENCE

In his second through fifth issues, Marks complains that the findings of the trial court are not supported by legally or factually sufficient evidence. Without a transcription of the evidence presented at the hearing, we are unable to determine whether Marks's complaints are meritorious. And, because the absence of a re-

---

1. No indication exists that Marks was intentionally "lying behind the log" in this case, but we decline to make a ruling that would promote invited error in the future.

porter's record in this case stems from the parties' waiver of such right with the court's approval, we hold that Marks's complaints present nothing for our review. *See, e.g., Smith v. Grace,* 919 S.W.2d 673, 678–79 (Tex.App.-Dallas 1996, writ denied) (holding that in absence of statement of facts appellate court could not review factual sufficiency of evidence), *cert. denied,* 519 U.S. 1118, 117 S.Ct. 964, 136 L.Ed.2d 849 (1997). We overrule Marks's second through fifth issues.

## V. CONCLUSION

Having overruled all of Marks's issues, we affirm the judgment of the trial court.