

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00292-CV

KENNETH L. THOMPSON                                                    APPELLANT

V.

KATE M. THOMPSON                                                        APPELLEE

----------

FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 360-514957-12

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kenneth L. Thompson appeals from the trial court's default judgment of divorce and final order in suit affecting the parent-child relationship granted Appellee Kate M. Thompson. Because there is no reporter's record and

---

[1]*See* Tex. R. App. P. 47.4.

Kenneth did not waive it, we reverse the trial court's judgment and remand this case for a new trial.

Kate filed her original petition in April 2012 and her first amended petition in January 2013. Kenneth was duly and properly served with the first amended petition later in January 2013, but he filed no answer and did not otherwise appear, personally or through counsel, before or during trial. The trial court granted Kate a default judgment on February 20, 2013. Despite the form language in the trial court's judgment to the contrary, the official court reporter of the trial court has informed this court that no reporter's record was made, and Kate does not contest this fact.

In its judgment, the trial court granted the divorce, divided the marital estate, ordered Kenneth to pay child support and back child support, named Kate and Kenneth joint managing conservators (JMCs), and named Kate the JMC with the exclusive right to designate the child's primary residence. Kenneth filed a timely restricted appeal six months after the trial court signed its judgment.[2]

Kenneth contends that error is apparent on the face of the record because the trial court failed to ensure that a reporter's record was taken at trial. We agree.

Section 105.003 of the family code provides,

---

[2]*See* Tex. R. App. P. 26.1(c), 30.

(a)     Except as otherwise provided by this title, proceedings shall be as in civil cases generally.

(b)     On the agreement of all parties to the suit, the court may limit attendance at the hearing to only those persons who have a direct interest in the suit or in the work of the court.

**(c)     *A record shall be made as in civil cases generally unless waived by the parties with the consent of the court.***

(d)     When information contained in a report, study, or examination is before the court, the person making the report, study, or examination is subject to both direct examination and cross-examination as in civil cases generally.

(e)     The hearing may be adjourned from time to time.[3]

Kate alleges that Kenneth's "failure to answer, appear, or take any action for the trial court to consider this a 'contested' matter, as set forth in the title to Section 105.003 of the Texas Family Code, . . . fails to place" him within the confines of the statute "and constitutes waiver."  "Contested" is found nowhere in the body of the statute; it is merely part of the caption or title of the statute. "[T]he title of [a] section carries no weight, as a heading does not limit or expand the meaning of a statute."[4]  We therefore reject this argument.

As this court has previously held,

The family code requires that a record be made of all suits involving the parent-child relationship unless waived by the parties with the consent of the court.  Likewise, the rules of appellate procedure require that the official court reporter attend court

---

[3]Tex. Fam. Code Ann. § 105.003 (West 2014) (emphasis added).

[4]*Waffle House v. Williams*, 313 S.W.3d 796, 810 (Tex. 2010) (citation and quotation marks omitted).

sessions and make a full record of the proceedings unless excused by agreement of the parties. . . . When evidence is offered to support a default judgment, the lack of a reporter's record entitles a defendant to a new trial because he will be unable to obtain a record of the evidence for review by an appellate court.[5]

A party may waive the making of a record by express written agreement or by failing to object to the lack of a record during the hearing.[6] Kate contends that Kenneth failed to object to the lack of a record and thereby waived the making of the record. But Kenneth did not appear at the hearing himself, nor did he appear through counsel. He, unlike the appellant in *D.J.M.*, the case Kate relies on,[7] had no opportunity to object to the absence of the reporter.

Kate also contends that her sole waiver of the record was sufficient to waive it completely, again relying on *D.J.M.* *D.J.M.* does not stand for that proposition. In *D.J.M.*, this court held that an appellant could not complain about the lack of a record on appeal when he was present at the hearing and waived the making of a record.[8] Again, Kenneth did not appear at trial.

---

[5]*In re M.E.P.*, No. 02-05-00148-CV, 2006 WL 417096, at *3 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (citations omitted); *see Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978); *Bain v. Bain*, No. 02-06-00215-CV, 2007 WL 174463, at *3 (Tex. App.—Fort Worth 2007, no pet.).

[6]*In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied).

[7]*See id.*

[8]*Id.* at 640.

4

Further, while Kate had every right to waive a record on her own behalf, nothing in the limited record before us supports the conclusion that she had authority to waive the reporter's record on behalf of her then estranged husband.[9]

Kate's laches argument is similarly without merit, given that Kenneth's notice of restricted appeal was timely filed under the controlling rule of appellate procedure.[10] Kate also has not shown any "good faith change of position . . . to [her] detriment because of the delay."[11] In fact, we note that it was she, not Kenneth, who did not have him served with a live petition until almost nine months after she filed her original petition for divorce.

We hold that the trial court erred by failing to ensure that a reporter's record was completed at trial. We further hold that the error was harmful because it prevented Kenneth from properly presenting a case on the merits in

---

[9]*See Brooks v. Bank of New York Trust Co., N.A.*, No. 02-07-00189-CV, 2008 WL 2639240, at *2 (Tex. App.—Fort Worth July 3, 2008, no pet.) (holding that husband's signature on agreed judgment was not evidence that he had any authority to sign for wife and therefore not evidence of her participation at trial).

[10]*See* Tex. R. App. P. 26.1(c).

[11]*See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *Leal v. Leal*, No. 13-12-00531-CV, 2013 WL 3518263, at *6 n.8 (Tex. App.—Corpus Christi July 11, 2013, pet. filed).

5

this court.[12]  We therefore sustain Kenneth's sole issue, reverse the trial court's judgment, and remand this case for a new trial.

/s/ Lee Ann Dauphinot  
LEE ANN DAUPHINOT  
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED:  August 7, 2014

---

[12]*See* Tex. R. App. P. 44.1(a)(2).