**Opinion issued March 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00044-CV

———————————

**MICHAEL MCKINLEY, Appellant**

**V.**

**VICTORIA  ESCOCHEA, Appellee**

---

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case No. 1999-51797**

---

### MEMORANDUM OPINION

Appellant Michael McKinley files this appeal challenging the sufficiency of the evidence about the reasonableness of the $5,178.50 awarded in attorney's fees to appellee Victoria Escochea.  We affirm.

## BACKGROUND

In 1999, the trial court entered an Agreed Order of Parentage establishing McKinley as the father of Escochea's child, J.M.M. That order also provided that the parties would enter an agreement about visitation.

In October 2012, McKinley filed a Petition to Modify Parent-Child Relationship requesting that possession and access "be changed from mutual agreement of the parties to visitation according to the standard possession order" because the "parties are no longer able to mutually agree to visitation times." McKinley's petition also requested that the court enter temporary orders and award to him attorney's fees. The court later entered agreed temporary orders.

In her answer, Escochea entered a general denial and likewise requested that she be awarded attorney's fees.

On July 24, 2013, the trial court signed an order stating that, on July 22, 2013, it "received the Notice of Nonsuit of Michael McKinley and ORDERS ~~this case~~ McKinley's claims dismissed without prejudice to Michael McKinley's right to refile it."[1]

On August 14, 2013, Escochea filed a Motion to Enter Judgment for Attorney's Fees. On August 20, 2013, she filed a Motion to Reinstate Case on Docket. That motion states that "this case was dismissed by an order signed on

---

[1] The typed order contained the handwritten alteration striking through "this case" and replacing with "McKinley's claims."

2

July 24, 2013." On September 20, 2013, the court signed an order stating that "the order dismissing this case is set aside and that the case is reinstated as to Victoria Escochea's claims on the docket of this Court, to the same effect as if it had never been dismissed."

## THE TRIAL COURT'S JUDGMENT

On September 20, 2013, the trial court also signed a "Judgment for Attorney's Fees" awarding Escochea $5,187.50 in attorney's fees from McKinley. That judgment recites that "[o]n July 22, 2013, the Court heard the case," and that both parties appeared with counsel and announced ready for trial. It also recites that the "making of a record of testimony was waived by the parties with the consent of the Court."

## ISSUE ON APPEAL

In a single issue, McKinley argues that "the Trial Court abused its discretion in awarding attorney's fees to Escochea when she failed to prove that the fees requested were 'reasonable.'"

## ANALYSIS

McKinley asserts that "Escochea did not meet her burden of demonstrating the 'reasonableness' of attorney's fees requested and ultimately awarded by the court." Specifically, he contends, "[a]s the record clearly reflects, there was neither credible evidence or evidence of any kind presented on the following issues

of fact: (a) time spent by the attorney on the matter; (b) nature of the preparation; (c) complexity of the case; (d) experience of the attorney retained by the Appellee; and (d) the customary hourly rate for attorney's in Harris County." His brief contains the following factual assertions:

- "At the July 22, 2013 hearing, no evidence or testimony was presented by Escochea regarding the amount of the fees allegedly incurred or the 'reasonableness' of said fees."

- "[T]here was absolutely no documentary evidence to support any award of attorney fees."

- "The only pleading(s) filed by the Appellee related to attorney's fees was Escochea's November 21, 2012 answer requesting attorney's fees and the Motion to Enter Judgment for Attorney's fees—with no memoranda or affidavit in support attached to justify awarding such exorbitant fees."

Esochea has not filed an appellee's brief in response.

The Texas Family Code authorizes the award of reasonable attorney's fees in suits affecting the parent-child relationship. TEX. FAM. CODE ANN. § 106.002(a) (West 2014). The trial court had broad discretion in awarding of attorney's fees. *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996).

The trial court's judgment contains a recitation that appellant McKinley was present and represented by counsel at the July 22, 2013 hearing and that the parties waived the making of a record. "Absent evidence to the contrary, we view recitations contained in the trial court's judgment and records as true." *In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth, pet. denied). When the

4

absence of a reporter's record stems from the parties' waiver of the right to have the proceedings recorded, no sufficiency of the evidence complaints are preserved for appellate review. *Id.* at 640–41; *see also In re J.J.K.*, 340 S.W.3d 535, 538 (Tex. App.—Amarillo 2011, no pet.) (because appellant failed to arrange for preparation of reporter's record, appellant's legal and factual sufficiency challenges to the evidence presented nothing for appellate review). Accordingly, we overrule McKinley's sole issue.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.