In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00528-CV**
_____

**MICHAEL JOHNSTON BAKER, Appellant**

**V.**

**SARA NICOLE CURPHY, Appellee**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-04-03890-CV**

**MEMORANDUM OPINION**

In an appeal from a final judgement for divorce and for custody and support of the parties' children, Michael Johnston Baker contends that he is entitled to a new trial—either because the trial court failed to make a record of a portion of the proceedings or because a record was made but has been lost or destroyed. We conclude Baker's issues lack merit, and we affirm the trial court's judgment.

In suits affecting the parent-child relationship, a "record shall be made as in civil cases generally unless waived by the parties with the consent of the court."

1

Tex. Fam. Code Ann. § 105.003(c) (West 2014). "A party, however, may waive the making of a record by express written agreement or by failing to object to the lack of a record during the hearing." *In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied). Baker argues that *In Re D.J.M.* is distinguishable because the judgment in that case recited that the record of testimony was waived by the parties. *See id.* Whereas, the judgment in this case states, "[t]he record of testimony was duly reported by the court reporter for the [410th] Judicial District Court of Montgomery County, Texas."

The reporter's record includes three hearings: (1) an April 17, 2014 hearing on a motion for a protective order and temporary custody and support orders; (2) a July 31, 2014 hearing on an application for a modified protective order; and (3) the final divorce hearing held on March 25, 2015. The exhibits admitted at each hearing have been included in the reporter's record. Baker complains that the March 25, 2015 divorce hearing is incomplete. The reporter's record of the divorce hearing begins with the notation "(DISCUSSION OFF THE RECORD)". The court reporter then began recording the proceedings, after which the trial court swore in the witnesses, and Curphy's counsel recited into the record the trial court's findings on the property division, custody, and support. Baker's counsel sought and obtained clarification on several points. Curphy and Baker each

2

testified with regard to whether the property division was just and right and whether the custody and support orders were in the best interests of the children. At one point in the hearing, the trial court referred to the petitioner's exhibit list, asked Baker's counsel if he had seen all of the exhibits, and stated:

> And these were all considered by the Court and they were admitted as exhibits for the Court's consideration, along with, off the record, we had a good hour, two hours of discussion with counsel and proffers of proof.
>
> And based upon all of this evidence and the proffers of counsel is the underlying basis and, of course, my knowledge of the history of the case and prior orders and findings by the Court, including the protective order, was the basis of my rulings and decisions. Okay?

The record before us demonstrates that Baker did not object to the Court's failure to make a record of the proffers of proof, nor did Baker attempt to make a bill of exception to create a record showing the objections that he lodged to the exhibits during the proceedings that were not reported. See *Gray v. Gray*, 971 S.W.2d 212, 218 (Tex. App.—Beaumont 1998, no pet.). Further, Baker has not shown that any oral testimony was not recorded. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985) (explaining that making a record "means that all oral testimony must be recorded"). Baker did not bring to the trial court's attention that he objected to the manner in which the final hearing was handled at the time of the hearing, when the trial court may have addressed his concerns. We conclude that

Baker did not preserve this issue for appellate review. *See* Tex. R. App. P. 33.1; *see also Sareen v. Sareen*, 350 S.W.3d 314, 316 (Tex. App.—San Antonio 2011, no pet.) (holding that the complaining party must object to the court reporter's failure to record testimony). We overrule issue one.

In issue two, Baker contends that if a record was made but was not produced, he is entitled to a new trial because the record was lost or destroyed through no fault of his own. *See generally* Tex. R. App. P. 34.6(f). Rule 34.6(f) is inapplicable where the hearing was never recorded in the first place. *Nabelek v. Dist. Attorney for Harris Cty.*, 290 S.W.3d 222, 230 n.9 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 15, 2016
Opinion Delivered September 22, 2016

Before Kreger, Horton, and Johnson, JJ.

4