

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00279-CV

———————————————

IN THE INTEREST OF M.M., A CHILD

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-688290-20

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

In this suit affecting the parent–child relationship (SAPCR) between Appellant E.M. (Mother) and Appellee J.G. (Father), the trial court conducted a bench trial in November 2021 on the sole issue of Father's request to change M.B.M.'s (Child) name from M.B.M. (the name given to Child at birth consisting of Child's first name, Child's middle name, and Mother's last name) to M.B.G. (Child's first name, Child's middle name, Father's last name).[1] Following that bench trial, the trial court ordered that Child's name be changed to M.B.G.M. (Child's first name, Child's middle name, Father's last name, Mother's last name). Father later filed a motion for new trial, which the trial court granted. The parties and the trial court then discussed whether the court would rule on the name change based on the record from a new trial or based on the record from the November 2021 trial. The appellate record does not reflect that any agreement was reached by the parties on that issue. The trial court ultimately signed an order in June 2022 changing Child's name to M.M.G. (Child's first name, Mother's last name, Father's last name).

In one issue on appeal, Mother contends that the trial court abused its discretion by ordering Child's name change because the evidence is legally insufficient to support a finding that there is good cause for Child's name change or that the name

---

[1]To protect their anonymity, we use aliases to refer to Father, Mother, and Child. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

change is in Child's best interest. Because it is unclear what evidence the trial court relied upon in ruling on the name change, we will sustain Mother's first issue and reverse and remand the case for a new trial.

## II. BACKGROUND

### A. Child's Birth and the Filing of the SAPCR

Child, a boy, was born to Mother in June 2020. In September 2020, Father—who was not married to Mother—filed a petition to adjudicate parentage with respect to Child. Among other relief, Father requested that Child's name be changed from M.B.M. to M.B.G. Mother later appeared in the suit, filing a counter-petition to adjudicate parentage. In September 2021, Mother and Father attended mediation and resolved all issues in the SAPCR except for the issue of Child's name.

### B. The November 2021 Bench Trial on the Issue of Child's Name

In November 2021, the trial court conducted a bench trial on the sole issue of Child's name. Father and Mother both testified at the trial.[2] At the conclusion of the trial, the trial court stated, "This Court is going to change [Child's] name to

---

[2]Both parties discuss Father's and Mother's testimony from the November 2021 trial in their respective briefs. We decline to do the same because, as will be detailed more below, the trial court granted a new trial following the November 2021 trial, and there is nothing in the record to indicate that the trial court was bound by the testimony at the November 2021 trial in making its later ruling. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Gathe v. Gathe*, 376 S.W.3d 308, 314 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Thus, discussion of Father's and Mother's testimony from the November 2021 trial is not necessary to the final disposition of this appeal. *See* Tex. R. App. P. 47.1.

3

[M.B.G.M.] without the hyphen." Later that day, the trial court signed an order in the SAPCR ordering, among the other relief agreed to by the parties at mediation, that Child's name be changed from M.B.M. to M.B.G.M.

## C. Father's Motion for New Trial

In December 2021, Father filed a "Motion to Reconsider, or, in the Alternative, Motion for Clarification," in which he requested that the trial court reconsider its order changing Child's name to M.B.G.M. Father requested that Child's name be changed to M.B.G., and alternatively, Father asked the trial court to clarify "if [Child's] last names are to be hyphenated or if there is to be a space in between the two last names."

Later that month, Father filed a "First Amended Motion to Reconsider, or, in the Alternative, Motion for Clarification, or, in the Alternative, Motion for New Trial" (Motion for New Trial). In that motion, Father again requested that Child's name be changed to M.B.G., again alternatively asked that the trial court clarify its order with respect to whether Child's name was to be hyphenated, and alternatively asked that the trial court grant him a new trial because the trial court had allegedly abused its discretion by denying Father's specific request for Child's name change. A hearing was later set on Father's Motion for New Trial for January 25, 2022. Four days before that hearing, Father filed a "Trial Brief" in support of his Motion for New Trial. In that trial brief, Father's attorney listed several reasons why Child's name should be changed to M.B.G. No evidence, however, was attached to the trial brief.

4

On January 25, 2022, the trial court held a hearing on Father's Motion for New Trial. After hearing argument from counsel, the trial court stated that it was going to grant a new trial.[3] The trial court noted that it could not yet render a decision regarding Child's name, and it stated that it preferred to reach a decision "based on legal argument and going back and reading the transcript" from the November 2021 trial. The trial court told the parties, however, that "if [they] want[ed] to have a brand new whole trial on this, [they were] certainly welcome to do that," noting that the parties were "clearly . . . entitled" to a new trial. Mother's counsel stated that he would have to discuss the issue with Mother, while Father's counsel stated that Father was "okay with [the trial court] just reading the transcript." The trial court concluded the hearing by telling the parties, "[J]ust let me know if you want me to reread the transcript [of the November 2021 trial], or if you want to have a new trial." That same day, the trial court signed an order granting Father's Motion for New Trial.[4]

---

[3]When granting the new trial, the trial court stated that it was "not sure that [it had] applied the correct case law" in making its original ruling following the November 2021 trial. The trial court stated that it had "look[ed] at a case incorrectly" and that it thought it had "applied the wrong legal standard."

[4]The order granting Father's Motion for New Trial stated that the motion "is in all things [g]ranted." That language is somewhat perplexing, as Father's Motion for New Trial included not only a request for a new trial on the name change but also Father's alternative request that the trial court reconsider its prior order from the original trial and his alternative request that the trial court clarify its prior order with respect to whether Child's name should be hyphenated. But because an order granting a new trial "essentially wipes the slate clean" and because the trial court's order granted, among other things, Father's request for a new trial, we treat the trial

**D. Proceedings Following the Trial Court's Grant of Father's Motion for New Trial**

On March 24, 2022, Father filed a second "Trial Brief." Father explained that he was "presenting this trial brief as a written submission in lieu of oral arguments regarding the name change of [Child]," and he noted that the parties "agreed to a trial by written submission." In this brief, Father expanded on his arguments for why Child's name should be changed to M.B.G. No evidence, however, was attached to Father's second trial brief.

On March 25, 2022, Mother filed her "Brief on Written Submission for Retrial on Name Change." In her brief, Mother referenced a purported stipulation reached between the parties regarding the evidence that the trial court would consider in the retrial of the issue of Child's name, stating,

> The Parties, with the consent of the Court, have agreed and stipulated that, for the purposes of the ordered New Trial, on the issues of the Petitioner's request to change the name of [Child,] the Court will consider the record from the original hearing on November 16, 2021, as the sole evidence on such issue and will rule based on that record and written briefing of the Parties, in lieu of a full new trial. Accordingly, the only evidence before the Court on this matter is the testimony from the November 16, 2021 hearing.

In her brief, Mother referenced the testimony presented to the trial court at the November 2021 trial, objected to the arguments in Father's second trial brief "as not

---

court's order as simply an order granting Father's request for a new trial, despite the broad "in all things [g]ranted" language. *See Wilkins*, 160 S.W.3d at 563.

supported by competent evidence in the [r]ecord in this case," and argued that Father's request to change Child's name should be denied.

On April 21, 2022, the trial court sent a letter of rendition to the parties stating, "After considering Counsel[s'] briefs, [Mother] may choose between the names: [M.M.G.]; or [M.B.G.].  [Father's counsel] shall prepare an order that comports with this rendition."  In response to the trial court's rendition, Mother filed an "Election Without Waiver or Consent," in which she elected, without consenting to Child's name change and expressly reserving her right to challenge the trial court's order changing Child's name, that "if a name change is to be made, the name of [Child] should be [M.M.G.]."  In response to the trial court's rendition, Father's counsel filed a "Motion to Sign Order in Suit Affecting the Parent–Child Relationship," in which he requested that the trial court sign a proposed SAPCR order that was attached to his motion.  The trial court later set a hearing on Father's motion to sign the SAPCR order for June 16, 2022.

On June 15, 2022—the day before the hearing on Father's motion to sign the SAPCR order—the trial court signed an order in the SAPCR ordering, among the other relief agreed to by the parties at mediation, that Child's name be changed from M.B.M. to M.M.G.  The SAPCR order reflected that on June 15, 2022, the trial court "heard this case and considered the agreement of the parties," that both Father and Mother "appeared in person and through [their] attorney[s] of record," that Father and Mother "announced ready for trial," and that "[t]he making of a record of

7

testimony was waived by the parties with the consent of the Court."[5] The SAPCR order further stated that it was "approved as to form only" by both Father's and Mother's respective counsel, that it was "approved and consented to as to both form and substance" by Father, and that it was "approved and consented to as to both form and substance except as to name change, approved as to form only as to name change" by Mother.

Mother later requested that the trial court make findings of fact and conclusions of law, and the trial court did so. In its findings of fact and conclusions of law, the trial court referenced that it had granted a rendition in the case on April 22, 2022, and that it had signed the SAPCR order "in conformity with that rendition on June 15, 2022." The findings of fact and conclusions of law do not mention that any hearing or trial occurred on June 15, 2022. This appeal followed.

## III. DISCUSSION

In her sole issue, Mother contends that the trial court abused its discretion by ordering Child's name to be changed because the evidence is legally insufficient to support a finding that there is good cause for the name change or that the name change is in Child's best interest.

---

[5]The quoted language also appeared in the proposed SAPCR order that was attached to Father's motion to sign the SAPCR order.

## A. Standard of Review

We review a trial court's decision on a parent's request to change the name of a child for an abuse of discretion. *In re S.M.-R.*, No. 02-15-00287-CV, 2016 WL 6900902, at *2 (Tex. App.—Fort Worth Nov. 23, 2016, no pet.) (mem. op.); *In re M.C.F.*, 121 S.W.3d 891, 895 (Tex. App.—Fort Worth 2003, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules or principles. *S.M.-R.*, 2016 WL 6900902, at *2; *Anderson v. Dainard*, 478 S.W.3d 147, 150 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

For a court to act within its discretion to change a child's name, the record must contain some evidence of a substantial and probative character to support the trial court's decision. *In re H.S.B.*, 401 S.W.3d 77, 82 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Thus, our analysis of whether the trial court abused its discretion requires us to employ the following two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion, and (2) whether the trial court erred in its application of that discretion. *S.M.-R.*, 2016 WL 6900902, at *2; *H.S.B.*, 401 S.W.3d at 82.

When the standard of review is abuse of discretion, a party's challenge to the sufficiency of the evidence implicates the first of our two inquiries. *H.S.B.*, 401 S.W.3d at 82. Such a challenge must be sustained when (1) the record shows a complete absence of evidence of a vital fact, (2) the court is barred from giving weight

9

to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *In re A.W.G.*, No. 02-10-00376-CV, 2011 WL 3795237, at *2 (Tex. App.—Fort Worth Aug. 25, 2011, no pet.) (mem. op.); *H.S.B.*, 401 S.W.3d at 82.

## B. What Evidence May We Consider in Our Review?

The parties dispute what evidence we may consider in reviewing whether the trial court abused its discretion by signing the SAPCR order.

Mother contends that we are limited to reviewing the transcript of the November 2021 trial. She argues that we are so limited because of a purported stipulation made between the parties—with the purported consent of the trial court—that the trial court would only consider the record from the November 2021 trial and that the trial court would "rule based on that record and [the] written briefing of the [p]arties."

Father counters that there is nothing in the record to support Mother's purported stipulation that the trial court would only consider the transcript from the November 2021 trial in making its ruling. While Father says that we may consider that transcript in our review, he disputes that we are only limited to considering it. Father argues that we should also consider the arguments in his trial briefs as evidence, contending that Mother failed to preserve her objections to these arguments because she did not set them for hearing. Finally, Father contends that because

10

Mother only provided a reporter's record of the November 2021 trial but "failed to provide a reporter's record for the June 15, 2022 trial," we must presume that the record supports the trial court's SAPCR order.

**1. May we consider the transcript from the November 2021 trial in our review absent a stipulation from the parties that the trial court could consider it in making its ruling?**

When a motion for new trial is granted, the original judgment is set aside and the parties may proceed without prejudice from prior proceedings. *Gathe*, 376 S.W.3d at 314; *Montemayor v. Ortiz*, 208 S.W.3d 627, 664–65 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied). Granting a new trial has the legal effect of vacating the original judgment and returning the case to the trial docket as though there had been no previous trial or hearing. *Gathe*, 376 S.W.3d at 314; *Montemayor*, 208 S.W.3d at 665; *see Rodriguez v. Rodriguez*, No. 05-22-00056-CV, 2022 WL 17974631, at *2 (Tex. App.—Dallas Dec. 28, 2022, no pet.) (mem. op.) ("Once a new trial is granted, the prior findings or rulings of the trial court are set aside and have no preclusive effect."). Thus, when a trial court grants a motion for new trial, "the court essentially wipes the slate clean and starts over." *Wilkins*, 160 S.W.3d at 563.

Here, the trial court granted Father's Motion for New Trial after the November 2021 trial. Thus, absent some stipulation by the parties that the trial court could consider the transcript from the November 2021 trial in making its decision on retrial, we will not consider the transcript in our review. *See In re J.J.F.R.*, No. 04-15-00751-CV, 2016 WL 3944823, at *3 (Tex. App—San Antonio July 20, 2016, no pet.) (mem.

11

op.) ("Here, none of the testimony or evidence from any prior proceeding was offered into evidence at the new trial. Because the trial court did not consider such testimony or evidence at the new trial, neither shall we on appeal. Therefore, we consider only the evidence admitted at the new trial."); *Michelena v. Michelena*, No. 13-13-00036-CV, 2015 WL 525182, at *9 n.10 (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2015, no pet.) (mem. op.) ("Because the trial court granted Robert's motion for new trial as to his attorney's fees argument, 'the slate [was] essentially wiped clean,' and as such, the trial court's earlier order and the proceedings associated with that order, in so far as they dealt with attorney's fees, no longer had effect.").

> **2. Did the parties stipulate that the trial court could consider the transcript from the November 2021 trial in deciding the name-change issue on retrial, or as Mother contends, that the trial court could *only* consider the transcript from the November 2021 trial in deciding that issue?**

We next consider whether the parties stipulated that the trial court could consider the transcript from the November 2021 trial in deciding the name-change issue on retrial, or as Mother contends, that the trial court could *only* consider the transcript from the November 2021 trial in deciding that issue.

"A stipulation is 'an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys respecting some matter incident thereto.'" *Shepherd v. Ledford*, 962 S.W.2d 28, 33 (Tex. 1998) (quoting *Ortega-Carter v. Am. Int'l Adjustment*, 834 S.W.2d 439, 441–42 (Tex. App.—Dallas 1992, writ denied)). A stipulation is not enforceable unless it is in writing, signed and filed with papers as

12

part of the record, or unless it is made in open court and entered of record. Tex. R. Civ. P. 11; *Foote v. Texcel Expl., Inc.*, 640 S.W.3d 574, 585 (Tex. App.—Eastland 2022, no pet.).

Here, we have found no written stipulation signed and filed as part of the record in this case regarding what evidence the trial court would consider on retrial. While Mother cites a statement made in her own trial brief that references the purported stipulation, the stipulation itself is absent from the record. And, of course, the mere argument in Mother's trial brief that there was a stipulation is no evidence of a stipulation. *See ODIN Demolition & Asset Recovery, LLC v. Marathon Petroleum Co.*, No. 01-17-00438-CV, 2018 WL 4131038, at \*5 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op.) ("Unsupported arguments in briefs or motions are not evidence."); *Cleveland v. Taylor*, 397 S.W.3d 683, 693 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("Neither an attorney's arguments nor the pleadings or motions of a party constitute evidence.").

Nor have we found any stipulation made by the parties in open court and entered of record regarding what evidence the trial court would consider on retrial. While the transcript from the hearing on Father's Motion for New Trial reflects that the parties and the trial court discussed whether there would be a "brand new whole trial on this" or whether the trial court would reach its decision "based on legal argument and going back and reading the transcript" from the November 2021 trial, the transcript from that hearing does not reveal that any agreement was reached.

13

Indeed, the trial court concluded the hearing by stating, "[J]ust let me know if you want me to reread the transcript [of the November 2021 trial], or if you want to have a new trial." Thus, because there is no stipulation in the record allowing the trial court to consider the transcript from the November 2021 trial in deciding the name-change issue on retrial (and there is certainly no stipulation in the record that the trial court could *only* consider the transcript from the November 2021 trial), we do not consider the transcript from the November 2021 trial in our review.

### 3. May we consider the arguments made in Father's trial briefs as evidence in our review?

We next turn to Father's argument that we may consider the arguments contained in his trial briefs as evidence in our review because Mother failed to preserve her objections to those arguments by not setting them for hearing.

Texas law makes clear that arguments of counsel, including arguments contained in briefs, are not evidence. *See, e.g.*, *ODIN Demolition & Asset Recovery*, 2018 WL 4131038, at *5 ("Unsupported arguments in briefs or motions are not evidence."); *Hurdsman v. Mayo*, No. 02-17-00099-CV, 2018 WL 3060116, at *4 (Tex. App.—Fort Worth June 21, 2018, no pet.) (mem. op.) ("[A]rguments are not evidence."); *Montes v. Wells*, No. 07-10-0478-CV, 2012 WL 2923315, at *2 n.5 (Tex. App.—Amarillo July 18, 2012, no pet.) (mem. op.) ("[A]rguments in briefs are not evidence."); *Cleveland*, 397 S.W.3d at 693 ("Neither an attorney's arguments nor the pleadings or motions of a party constitute evidence."). Because the arguments

contained in Father's trial briefs are not evidence, no objection was required to preserve any appellate complaint that the arguments contained in his trial briefs should not be considered in our review of the trial court's SAPCR order. *See Roberts v. Roberts*, No. 10-05-00134-CV, 2006 WL 301099, at *12 (Tex. App.—Waco Feb. 8, 2006, pet. denied) (mem. op.) ("[N]o objection was needed to prohibit the consideration of counsel's statements as evidence. Counsel's statements were not evidence."). We thus do not consider the arguments contained in Father's trial briefs as evidence in our review.

### 4. What are we left to do when we have nothing to review?

We next turn to Father's contention that because Mother only provided a reporter's record of the November 2021 trial but "failed to provide a reporter's record for the June 15, 2022 trial," we must presume that the record supports the trial court's SAPCR order.

Section 105.003(c) of the Family Code provides that in a SAPCR, a "record shall be made as in civil cases generally unless waived by the parties with the consent of the court." Tex. Fam. Code Ann. § 105.003(c). That section "places an affirmative duty upon the trial court to [e]nsure that the court reporter makes a record of proceedings involving parent–child relationships." *In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied). Making a record "means that all oral testimony must be recorded." *Barrera v. Barrera*, No. 04-95-00430-CV, 1996 WL 121225, at *1 (Tex. App.—San Antonio Mar. 20, 1996, no pet.) (mem. op., not

15

designated for publication). The absence of a reporter's record in such a circumstance "constitutes error on [the] face of [the] record . . . and requires remand for a new trial." *In re J.W.*, No. 01-18-00932-CV, 2020 WL 573259, at *3 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, no pet.) (mem. op.); *see Barrera*, 1996 WL 121225, at *1. A party, however, may waive the making of a record by an express written agreement or by failing to object to the lack of a record during the hearing. *D.J.M.*, 114 S.W.3d at 639. Thus, here, we must consider whether (1) the parties waived the making of a record by an express written agreement or (2) Mother failed to object to the lack of a record at the purported hearing when the SAPCR order was signed.

As to these considerations, while the SAPCR order states that "[t]he making of a record of testimony was waived by the parties with the consent of the Court," we note that the record does not contain any actual written agreement stating that the parties waived the making of a record on retrial. Citing to *D.J.M.*, Father contends that this language in the SAPCR indicates that the making of a record of testimony was waived, particularly since Mother's counsel signed and approved the SAPCR order "as to form" and Mother signed and approved the order "as to both form and substance except as to name change, approved as to form only as to name change." *See D.J.M.*, 114 S.W.3d at 639 (holding that recitation in trial court's judgment stating that a record was waived by the parties with the consent of the trial court indicated that the record had been waived for purposes of Section 105.003(c)).

16

We find *D.J.M.* to be distinguishable because in that case, the evidence reflected that there actually was a final hearing attended by the complaining party and his counsel and that there was no reporter's record of that hearing. *Id.* at 640. Here, in contrast, there is no indication that any hearing or trial took place on June 15, 2022, when the trial court signed the SAPCR. In her reply brief, Mother states that "[t]here was no hearing on June 15, 2022[,] whatsoever" and that "[t]here simply was no hearing on June 15, 2022[,] for which a Reporter['s] Record could be produced[,] and it is disingenuous of [Father] to contend otherwise." In his brief, Father coyly states, "On June 15, 2022[,] the Trial Court 'heard' this case"—with "heard" in quotation marks. Based on our review of the record, we find no evidence that any final trial or hearing took place on June 15, 2022, when the SAPCR order was signed. To that end, we note that the trial court signed a "rendition" on April 21, 2022; the findings of fact and conclusions of law do not reference that any hearing or trial took place on June 15, 2022; and the hearing on Father's motion to sign the SAPCR order was set for June 16, 2022—one day after the trial court signed the SAPCR order.[6]

---

[6]Nor do we find persuasive Father's argument that we should take the SAPCR order's recitation that the record was waived to be true based on Mother's counsel's approving the form of the order and Mother's approving and consenting to the order "as to both form and substance except as to name change, approved as to form only as to name change." "[I]t is well settled that a party's approval of an order as to form is not consent to the substance of the order." *In re Cauley*, 437 S.W.3d 650, 658 (Tex. App.—Tyler 2014, orig. proceeding) (mem. op.). "A party who approves an order as to form 'waives no error which may be assigned against the proceedings prior to or incident to the judgment.'" *Id.* (quoting *Sigma Sys. Corp. v. Elec. Data Sys. Corp.*, 467 S.W.2d 675, 677 (Tex. App.—Tyler 1971, no writ)). Thus, because Mother did

Thus, because there is nothing in the record to indicate that the trial court conducted a trial or final hearing on June 15, 2022, from which a record could be made or from which Mother could object to the lack of a record, we hold that the absence of a reporter's record in this case constitutes error on the face of the record and requires us to remand for a new trial. *See* Tex. Fam. Code Ann. § 105.003(c) (requiring record to be made in SAPCR unless waived by parties with consent of trial court); *J.W.*, 2020 WL 573259, at *3 ("We hold that the absence of a reporter's record, as here, constitutes error on [the] face of [the] record . . . and requires remand for a new trial."); *Barrera*, 1996 WL 121225, at *1 (reversing and remanding for new trial where no oral testimony was recorded in SAPCR). We sustain Mother's sole issue.

## IV. CONCLUSION

Having sustained Mother's sole issue, we reverse the trial court's SAPCR order and remand the case to the trial court for a new trial.

/s/ Dana Womack

Dana Womack
Justice

Delivered: February 23, 2023

---

not consent to the substance of the name change—the issue that she is now appealing—Mother cannot be said to have waived her right to a record of the retrial in the SAPCR. *See In re J.A.P.*, 510 S.W.3d 722, 723–25 (Tex. App.—San Antonio 2016, no pet.) (holding that approval of order as to form that contained a recitation that the parties had waived their right to de novo review did not indicate that the complaining party had waived his right to a de novo hearing where there was nothing in the record to indicate such a waiver).