

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00224-CV

**IN THE INTEREST OF B.H.**

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-23904
Honorable Monique Diaz, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:          Lori I. Valenzuela, Justice
                  Adrian A. Spears II, Justice
                  Velia J. Meza, Justice

Delivered and Filed: February 25, 2026

AFFIRMED

Father[1] appeals from the trial court's order relinquishing its jurisdiction over a child-custody matter based on a determination that Texas is an inconvenient forum. *See* TEX. FAM. CODE § 152.207. In his brief, Father argues that the trial court erred in failing to respond to his timely request for findings of fact and conclusions of law. "A trial court's failure to file findings in response to a timely and proper request is [] presumed harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury." *Ad Villarai, LLC v. Chan II Pak*, 519 S.W.3d 132, 135-36 (Tex. 2017) (quotation omitted). "When the trial

---

[1]To protect the identity of the minor child, we refer to the parties by fictitious names, initials, or aliases. *See* TEX. FAM. CODE § 109.002(d).

court's failure is harmful, the preferred remedy is for the appellate court to direct the trial court to file the missing findings." *Id*. at 136. We thus abated this appeal and remanded the cause so that the trial court could make its findings of fact and conclusions of law. The trial court then filed its findings of fact and conclusions of law, and we allowed the parties to file supplemental briefs. Neither party elected to file a supplemental brief. We then reinstated this appeal on the docket of this court and ordered it submitted. We now address Father's remaining issue: whether the "pleadings" were "sufficient to support the trial court making a finding that the State of Texas was an inconvenient forum."

The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") governs jurisdiction over child custody issues between Texas and other states. *See* TEX. FAM. CODE § 152.001-152.317. "The UCCJEA was enacted 'to clarify and to unify the standards for courts' continuing and modification jurisdiction in interstate child-custody matters.'" *Lesem v. Mouradian*, 445 S.W.3d 366, 372 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (quoting *In re Forlenza*, 140 S.W.3d 373, 374 (Tex. 2004) (orig. proceeding)). Section 152.201(a) is the "exclusive jurisdictional basis for making a child-custody determination by a court of this state, and it provides that Texas has jurisdiction to make an initial child-custody determination if one of four circumstances are met." *Lesem*, 445 S.W.3d at 372 (quotation omitted). "One of these circumstances is whether Texas is the 'home state' of the child on the date of the commencement of the proceeding." *Id*. (citing TEX. FAM. CODE § 152.201(a)(1)). "Home state" is defined by the Family Code as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding." TEX. FAM. CODE § 152.102(7).

"Generally, once Texas makes a child-custody determination, Texas retains 'exclusive continuing jurisdiction' over the determination until 'a court of this state determines that neither the child, nor the child and one parent . . . have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.'" *Lesem*, 445 S.W.3d at 372 (quoting TEX. FAM. CODE § 152.202(a)(1)). "A court that has continuing jurisdiction to make a child-custody determination may decline to exercise its jurisdiction if 'it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.'" *Id*. (quoting TEX. FAM. CODE § 152.207(a)). "Before determining whether it is an inconvenient forum, [the Texas court] shall consider whether it is appropriate for the court of another state to exercise jurisdiction." TEX. FAM. CODE § 152.207(b). "For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:"

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
(2) the length of time the child has resided outside this state;
(3) the distance between the court in this state and the court in the state that would assume jurisdiction;
(4) the relative financial circumstances of the parties;
(5) any agreement of the parties as to which state should assume jurisdiction;
(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

TEX. FAM. CODE § 152.207(b). If the Texas court "determines that it is an inconvenient forum and that the court of another state is a more appropriate forum, the [Texas] court shall stay the proceedings upon the condition that a child custody proceeding be promptly commenced in another

designated state and may impose any other condition the court considers just and proper." *Id*. § 152.207(c).

The clerk's record reflects that on December 27, 2021, the trial court signed an Order Adjudicating Parentage that declared Father was the father of B.H. Father and Appellee Mother were named joint managing conservators, and Mother was given the exclusive right to designate the primary residence of B.H. within the State of Texas or the State of Louisiana. On November 21, 2023, Father filed a motion for enforcement of possession or access. He also filed an Original Petition to Modify the Parent-Child Relationship, and a motion for temporary orders. The clerk's record reflects that on December 4, 2023, the trial court heard Father's motion for temporary orders and conducted a "UCCJEA conference with LA court."

The trial court has made the following findings of fact with respect to the UCCJEA conference:

1. On December 27, 2021, the court rendered an "Order Adjudicating Parentage" ("Order") that involved the Petitioner [Father], the Respondent [Mother], and the child the subject of this suit with regard to the issues of conservatorship, support and visitation.

2. The Order gives the Respondent [Mother] the exclusive right to designate the residence of the child in the State of Texas or in the State of Louisiana.

3. At a[] subsequent hearing with Judge Angelica Jimenez on December 4, 2023, a request was made in Court for a UCCJEA Conference with the State of Louisiana.

4. Notice of a UCCJEA Conference was emailed to the parties on January 8, 2024, providing the parties [with] an opportunity to submit a brief regarding the issue of jurisdiction for the Court to consider before and during the conference.

5. On January 12, 2024, the Courts conferred on the issues of jurisdiction and the home state of the child.

6. After reviewing the pleadings on file in the respective cases, conferring with the Court in Louisiana, reviewing any briefs/memoranda filed with the Courts, it was established:

a. The child was born on August 17, 2020, was [three] years old and had been living in DeSoto Parish, Louisiana, for more than two years at the time the UCCJEA conference was held between the Courts.

b. The child was living in DeSoto Parish, Louisiana, and was enrolled in day care and school in Louisiana as early as November 2021 before the Order in Bexar County was signed and entered by the Court. The child has spent the majority of [his] natural born life in Louisiana.

c. Most of the child's care and support network reside in DeSoto Parish, Louisiana.

d. The child's teachers, doctors and other vital witnesses to the child's care and day-to-day routine reside in DeSoto Parish, Louisiana.

7. The Court finds Louisiana is the more convenient forum to determine the best interests of the child.

Based on these fact findings, the trial court concluded that (1) the exclusive, continuing jurisdiction of this case lies within Bexar County, Texas; (2) the State of Louisiana is the home state of the child; (3) the State of Louisiana is the more convenient forum to determine the best interests of the child; and (4) the State of Texas declines to exercise jurisdiction any longer and relinquishes jurisdiction to the State of Louisiana.

On appeal, Father complains that there "were no specific pleadings by either party requesting that the trial court make a finding that Texas was an inconvenient forum." Father recognizes that pursuant to section 152.207(a) of the Texas Family Code, a trial court may raise the issue of an inconvenient forum *sua sponte*. *See* TEX. FAM. CODE § 152.207(a) ("The issue of inconvenient forum may be raised upon motion of a party, *the court's own motion*, or request of another court.") (emphasis added). Father also recognizes that "there is no requirement that the trial court conduct an evidentiary hearing before making a determination about inconvenient forum." *See Lesem*, 445 S.W.3d at 376 (holding that section 152.207 "does not require the trial court to hold an evidentiary hearing before it makes a determination that Texas is an inconvenient

forum"). Nevertheless, Father argues that when a "trial court elects not to conduct an evidentiary hearing, the pleadings must plead sufficient facts explaining why the trial court should decline jurisdiction." Father cites no support for this assertion; however, we note that in *Dickerson v. Doyle*, 170 S.W.3d 713, 720 (Tex. App.—El Paso 2005, no pet.), the Eighth Court of Appeals stated that section 152.207 allows the trial court to decline jurisdiction on its own, "provided that the court allows the parties to submit information." Thus, Father argues that the trial court erred in determining that Texas was an inconvenient forum because there were no evidentiary hearing and no pleadings with sufficient facts to support the determination that Texas is an inconvenient forum.

The problem with Father's argument is that there is no reporter's record of either the December 4, 2023 or of the January 12, 2024 proceedings. There is also no record of the UCCJEA conference between the trial court and the Louisiana state court. *See* TEX. FAM. CODE § 152.110 (providing that a record of the communication between the courts "means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form" and that while "[c]ommunication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties," "a record must be made of any [other] communication under this section").

"When the appellate record includes a reporter's record, the trial court's [] findings may be challenged for legal and factual sufficiency." *Lesem*, 445 S.W.3d at 373. "In family law cases, because the abuse of discretion standard of review overlaps with traditional sufficiency of evidence standards of review, legal and factual sufficiency are not independent grounds of reversible error, but instead are factors relevant to [an appellate court's] assessment of whether the trial court abused its discretion." *Id*. (quotation omitted). Here, the court reporter responsible for filing the reporter's record in this appeal has stated in a written response that no record was taken of the

court proceedings on December 4, 2023 or those on January 12, 2024. With regard to the December 4, 2024 proceeding, the court reporter stated that she found a "pink slip" in her records indicating that a request was made to record the December 4, 2023 proceedings but that "a record was ultimately not taken in this matter." The clerk's record does not reflect that Father objected to the court reporter not taking a record of the proceedings on either of these dates. Nor does the clerk's record reflect that Father objected to no record being made of the communications the trial court had with the Louisiana state court. *See Seiler v. Seiler*, No. 03-19-00020-CV, 2021 WL 81864, at *6 (Tex. App.—Austin Jan. 8, 2021, no pet.) (noting that while section 152.110(f) requires a record to be made of communications between a Texas state court and the court in another state concerning chapter 152 proceedings, the record did not reflect that either party objected to the lack of a record of those communications and thus any complaint about the failure to make a record of the communications between the courts was waived); *see also In re G.X.H.*, 627 S.W.3d 288, 300 (Tex. 2021) (emphasizing it was the appellant parents "who bore the burden to bring forth on appeal a record to demonstrate the absence of evidence to support the required findings" and that by failing "to preserve their complaints about the absence of a record of the hearing, inadequate notice of the hearing, or the trial court's purported failure to hold a hearing," they waived these complaints on appeal).

Without a reporter's record and without a record of the communications between the trial court and the Louisiana state court, we must presume that evidence was presented at those proceedings that supports the trial court's findings. *See In re G.X.H.*, 627 S.W.3d at 300 (rejecting "the parents' contention that the absence of a record of the hearing supports their claim that there was insufficient evidence to support the findings" and holding that "[i]n the absence of a record, we presume the evidence was sufficient to support the trial court's findings"); *Seiler*, 2021 WL

81864, at *6 (explaining that because the record did not reflect that either party objected to the lack of a record, the appellate court "must presume that the evidence adduced supports the trial court's express and implied findings on the relevant factors"); *In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied) (holding that a party who does not object to the failure of a trial court to make a record of proceedings waives any complaint about the issue on appeal). In presuming evidence supports the trial court's findings, we find no abuse of discretion by the trial court in applying those findings of fact and determining that Texas is an inconvenient forum.

We affirm the trial court's order determining that Texas is an inconvenient forum and relinquishing jurisdiction of this matter to the State of Louisiana.

Adrian A. Spears II, Justice